IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUKHAN IQRAA JIHAD MUMIN, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3306 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | (HABEAS CORPUS) |
| HAROLD W. CLARKE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus filed by the petitioner, Dukhan Iqraa Jihad Mumin. The petitioner challenges his conviction in the District Court of Douglas County, Nebraska, on November 13, 1998, for forgery. Also before the court is filing no. 2, the petitioner's Motion for Leave to Proceed In Forma Pauperis ("IFP").

The petitioner filed a previous Petition for Writ of Habeas Corpus in this court challenging the same conviction. In Case No. 4:04cv3058, I entered judgment against the petitioner on July 12, 2004, dismissing that petition, with prejudice, as untimely and barred by the statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d). On the petitioner's appeal, the Eighth Circuit Court of Appeals denied a Certificate of Appealability and dismissed the petitioner's appeal, leaving the judgment intact. The present petition is, thus, even more untimely.

In addition, the present case is a "second or successive habeas corpus application under section 2254," within the meaning of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b), as amended by the AEDPA, precludes the filing of a subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive petition. "The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'" Felker v. Turpin, 518 U.S. 651, 664 (1996). The petitioner's current § 2254 petition has not been authorized by the Eighth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b).

For the foregoing reasons, the petitioner's Petition for Writ of Habeas Corpus is dismissed, and his Motion for Leave to Proceed IFP is denied. Judgment will be entered accordingly.

SO ORDERED.

DATED this 19th day of December, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge